Per Curiam.

It is clear that after the mortgage to Pyncheon, the intestate was seised as to all persons except the mortgagee ; and it is settled that a widow is dowable of an equity of redemption.[1] The first mortgage was discharged, leaving in force the mortgage to S. Griswold, in which the widow had released her dower. This release was co-extensive with the mortgage ; it extended no further ; and consequently the right of dower continued, subject only to that incumbrance.[2]

Judgment according to verdict.

 See Cass v. Martin, 6 N. Hampsh. R. 25; Gibson v. Crehore, 5 Pick. (2nd ed.) 149, note 1; Southerin v. Mendum, 5 N. Hampsh. R. 431, 432. But see Jackson v. Dewitt, 6 Cowen, 316.

 See Revised Stat. c. 60, $ 2; 4 Kent's Comm. (3d ed.) 44.